IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**MARY GARRETT,**

      **Plaintiff,**

v.                                       Civ. Action No. 1:19-CV-69
                                                            (Kleeh)

**WAL-MART STORES, INC.,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 28], DENYING AS MOOT DEFENDANT'S PARTIAL MOTION TO DISMISS [ECF NO. 10], GRANTING PARTIAL MOTION TO DISMISS AMENDED COMPLAINT [ECF NO. 21] AND DENYING MOTION TO STRIKE [ECF NO. 21]**

Pending before the Court is a Report and Recommendation ("R&R") by United States Magistrate Judge Michael J. Aloi [ECF No. 28]. The R&R recommends that the Court deny Defendant's Partial Motion to Dismiss Plaintiff's Complaint [ECF No. 10] and Motion to Strike [ECF No. 21] as moot, grant Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 21], and deny Defendant's Motion to Strike as to the Amended Complaint [ECF No. 21]. For the reasons discussed herein, the Court adopts the R&R.

    **I.    BACKGROUND**

On March 29, 2018, Plaintiff, Mary Garrett ("Plaintiff"), filed her Complaint against Defendant, Wal-Mart Stores, Inc. ("Defendant"), alleging violations of Title VII of the Civil Rights

1

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [ECF NO. 28], DENYING AS MOOT DEFENDANT'S
PARTIAL MOTION TO DISMISS [ECF NO. 10], GRANTING PARTIAL
MOTION TO DISMISS AMENDED COMPLAINT [ECF NO. 21] AND
DENYING MOTION TO STRIKE [ECF NO. 21]**

Act of 1964 [ECF No. 1]. Specifically, Plaintiff alleged disparate treatment regarding not only her compensation but also promotion decisions. She also claimed an alleged disparate impact of certain Wal-Mart policies and practices against female employees' compensation and promotional opportunities. Defendant filed a Motion to Dismiss and Motion to Strike Immaterial Allegations [ECF No. 10]. In that motion, Defendant contended, inter alia, Plaintiff failed to exhaust her administrative remedies regarding her pay discrimination and disparate impact claims and failed to state a claim upon which relief can be granted on the same claims. Defendant likewise requested the irrelevant allegations be stricken.

Thereafter, on June 11, 2019, Plaintiff filed her Amended Complaint again alleging gender-based disparate treatment concerning her compensation and promotional opportunities [ECF No. 18]. She also claimed Defendant's policies and practices had a disparate impact on her and other similarly-situated female employees with respect to pay and promotions. She further alleged she was a former member of the Dukes class action against Defendant Wal-Mart Stores, Inc. previously filed in the Northern District of California. Plaintiff claimed that she timely filed an EEOC Charge of Discrimination on May 25, 2012 after that class action was

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 28], DENYING AS MOOT DEFENDANT'S PARTIAL MOTION TO DISMISS [ECF NO. 10], GRANTING PARTIAL MOTION TO DISMISS AMENDED COMPLAINT [ECF NO. 21] AND DENYING MOTION TO STRIKE [ECF NO. 21]**

dismissed. Plaintiff alleged she received her Right to Sue letter on March 26, 2019.

Defendant filed its Partial Motion to Dismiss Plaintiff's Amended Complaint and to Strike Immaterial Allegations in response [ECF No. 21]. Therein, Defendant argued Plaintiff failed to exhaust her administrative remedies with respect to any pay discrimination claim and any disparate impact claim and failed to state a claim upon which relief could be granted for her disparate impact allegation. It further requested certain allegations be stricken. In response, Plaintiff conceded she had failed to exhaust administrative remedies for any pay discrimination claim.

Pursuant to 28 U.S.C. § 636 and the Court's local rules, the Court referred the initial Partial Motion to Dismiss and to Strike Immaterial Allegations to the Magistrate Judge on May 30, 2019 [ECF No. 14]. The Magistrate Judge also considered the Partial Motion to Dismiss and Strike Immaterial Allegations in response to the Amended Complaint. The Motion was fully briefed. On August 7, 2019, the Magistrate Judge entered the R&R [ECF No. 28].

**GARRETT v. WAL-MART STORES, INC.**                    1:19-CV-69
**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [ECF NO. 28], DENYING AS MOOT DEFENDANT'S
PARTIAL MOTION TO DISMISS [ECF NO. 10], GRANTING PARTIAL
MOTION TO DISMISS AMENDED COMPLAINT [ECF NO. 21] AND
DENYING MOTION TO STRIKE [ECF NO. 21]**

## II.  DISCUSSION

The R&R recommended that the Court grant Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint.  It further recommended the Partial Motion to Dismiss Plaintiff's Complaint and Motion to Strike be denied as moot.  Lastly, the R&R recommended the Motion to Strike with respect to the Amended Complaint be denied.  It informed the parties that they had fourteen (14) days from the date of filing of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection."  It further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals."  All counsel of record received notice of the R&R being filed via the Court's CM/ECF system at 11:59 a.m. on August 7, 2019.  To date, no objections have been filed.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made.  28 U.S.C. § 636(b)(1)(C).  Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections.  Dellarcirprete

**GARRETT v. WAL-MART STORES, INC.**                                1:19-CV-69

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [ECF NO. 28], DENYING AS MOOT DEFENDANT'S
PARTIAL MOTION TO DISMISS [ECF NO. 10], GRANTING PARTIAL
MOTION TO DISMISS AMENDED COMPLAINT [ECF NO. 21] AND
DENYING MOTION TO STRIKE [ECF NO. 21]**

v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

### III. CONCLUSION

Because no party has objected, the Court is under no obligation to conduct a de novo review. Regardless, the Court has undertaken a full review of the R&R and finds it thorough, well-reasoned and exhaustive. The Court certainly finds no clear error. Therefore, the Court **ADOPTS** the R&R in its entirety [ECF No. 28]. Defendant's Partial Motion to Dismiss the Amended Complaint [ECF No. 21] is **GRANTED.** Defendant's Motion to Strike Immaterial Allegations as it pertains to the Amended Complaint [ECF NO. 21] is **DENIED.** Defendant's Partial Motion to Dismiss and to Strike Immaterial Allegations [ECF NO. 10] is **DENIED AS MOOT.**

As the R&R notes, the lone remaining claim in this matter is the disparate promotional treatment claim.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record as provided in the Administrative Procedures for

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [ECF NO. 28], DENYING AS MOOT DEFENDANT'S
PARTIAL MOTION TO DISMISS [ECF NO. 10], GRANTING PARTIAL
MOTION TO DISMISS AMENDED COMPLAINT [ECF NO. 21] AND
DENYING MOTION TO STRIKE [ECF NO. 21]**

Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:** March 19, 2020

_____
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE